UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VIOLETA FORBES o/b/o YADIRA C.
FORBES,

                Plaintiff,

-against-

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-1991 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Violeta Forbes ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Social Security Administration's ("SSA") determination that Yadira C. Forbes ("Forbes"), Plaintiff's deceased adult daughter, was not entitled to disability insurance benefits under Title II of the Social Security Act. (See Compl. (Docket Entry #1).) Defendant concedes that the Administrative Law Judge ("ALJ") made certain legal errors and moves for an order remanding the case for rehearing. (Docket Entry # 10.) Plaintiff cross-moves for judgment on the pleadings, with remand for the limited purpose of calculating benefits. (Docket Entry # 11.)

## I.    STANDARD FOR REMAND

An order of remand for the limited purpose of calculating benefits is appropriate when the record provides persuasive proof of disability and the application of the correct legal standards "could lead to only one conclusion." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987). But, "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard," the proper course is to remand "for further development of the

1

evidence." Rosa v. Callahan, 168 F.3d 72, 82 (2d Cir. 1999); see also Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) (remand appropriate where court could not "fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision"). As set forth below, the court concludes that there are gaps in the administrative record and that the ALJ applied an improper standard, such that remand for rehearing is appropriate.

## II.  THE ALJ'S DECISION

By decision dated August 22, 2006, ALJ Sol A. Westhelier found that Forbes was not disabled because she retained sufficient residual functional capacity ("RFC") to perform the full range of sedentary work. (ALJ Decision, Administrative Record (Docket Entry # 9) 21-32.) In doing so, the ALJ credited the opinion of a consultative medical expert, Dr. Ernest Abeles, that "Ms. Forbes was able to stand 1 [] hour in an 8-hour day, walk 1 hour, sit 6 hours without breaks, lift 10 pounds, reach without impairment and perform limited bending pushing and pulling." (Id. at 30.)

ALJ Westhelier acknowledged that Forbes's treating physicians had indicated that Forbes was "disabled or unable to perform sedentary work." (Id.) The ALJ, however, did not give these opinions "controlling weight" because they were not "consistent with the substantial evidence in the record, including the negative neurological findings noted by treating sources, the medical findings and assessment of [an] impartial consultant, the positive response to treatment that included surgery, claimant's failure to follow prescribed treatment, and her activities." (Id. at 30-31)

The ALJ also rejected Forbes's own account of the severity of her symptoms. Based on "the evidence of record," the ALJ concluded that Forbes "had medically determinable physical

2

impairments, which could have produced symptoms, but that allegations concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent alleged." (Id. at 31.) The ALJ noted that Forbes "was able to read, watch television, shop, travel, and function on a daily basis." (Id. at 30.)

## III. DETERMINATION OF RESIDUAL FUNCTIONAL CAPACITY

An ALJ is responsible for determining a claimant's residual functional capacity. See 20 C.F.R. § 404.1546(c); 20 C.F.R. § 404.1527(e). Because the determination of this issue is reserved for the ALJ, "medical source statements" about a claimant's RFC are not governed by the "treating physician rule," which affords special weight to "medical opinions" from a claimant's treating physician. Id. This "relieves the Social Security Administration of having to credit a doctor's finding of disability, but it does not exempt administrative decisionmakers from their obligation . . . to explain why a treating physician's opinions are not being credited." Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999); see also Social Security Ruling 96-5p, 1996 SSR LEXIS 2 (specifying that that, even where related to a claimant's RFC, an ALJ "must explain the consideration given to the treating source's opinion(s)").

An ALJ may never ignore opinions from a medical source, even when those opinions relate to the RFC determiniation. Id. An ALJ cannot substitute his own view of the medical evidence for that of a medical source. Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998). In evaluating how to weigh particular medical source statements, an ALJ must apply statutorily enumerated factors. SSR 96-5p. These factors include: (1) the length, nature and extent of the treatment relationship; (2) the evidence in support of the treating physician's opinion; (3) the consistency of the opinion with the entirety of the record; (4) whether the treating physician is a

specialist; and (5) other factors that are brought to the attention of the Commissioner that tend to support or contradict the opinion. See 20 C.F.R. § 404.1527.

An ALJ must "affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (internal quotations omitted). Where "the evidence does not support a treating source's opinion on any issue reserved to the Commissioner" – such as a claimant's RFC – "and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion." SSR 96-5p (punctuation in original); see also 20 C.F.R. § 404.1513(e)(3) (specifying need for complete record in RFC determination).

## IV. CREDIBILITY DETERMINATIONS

An ALJ is required to consider a claimant's subjective testimony regarding her alleged disability. See 20 C.F.R. § 404.1529. If a claimant's subjective evidence of pain is supported by objective medical evidence, it is entitled to "great weight." Simmons v. United States R.R. Retirement Bd., 982 F.2d 49, 56 (2d Cir. 1992). If, however, a claimant's symptoms suggest a greater severity of impairment than can be demonstrated by the objective medical evidence, additional factors must be considered. See 20 C.F.R. § 404.1529(c)(3). These include the claimant's daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. Id.

An ALJ may not simply state that claimant's allegations are not credible, nor may an ALJ simply list the above factors. See Williams o/b/o Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988). Instead the ALJ's decision must contain reasons for its credibility findings "set forth

4

with sufficient specificity to permit intelligible plenary review of the record." Id. A claimant's ability to engage in activities of daily living, especially when these activities are not engaged in "for sustained periods comparable to those required to hold a sedentary job," is not sufficient to foreclose a finding of disability. Balsamo, 142 F.3d at 81.

## V. ERRORS IN THIS CASE

ALJ Westhelier did not sufficiently explain the weight that he afforded to the medical source statements pertaining to Forbes's RFC or apply the factors determining such weight. Although he was not bound to adopt the conclusions of Forbes's treating physicians, the ALJ should have set forth, in greater detail, good reasons for his decision not to do so. Insofar as he found that the treating physicians' statements were not supported by the record, the ALJ should have attempted to contact those sources for clarification. Finally, the ALJ concluded that Forbes was not credible without discussing the factors governing credibility determinations.

## VI. CONCLUSION

Defendant's motion is GRANTED and Plaintiff's motion is DENIED. Pursuant to 42 U.S.C. § 405(g), the decision of the ALJ is vacated and the case is remanded to permit the ALJ to reweigh the evidence and further develop the record.[1] The ALJ shall set forth his findings with particularity and apply the legal standards set forth in this order. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
April 13, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] The ALJ should also consider the weight that should be afforded to the testimony of Dr. Abeles in light of the disciplinary actions against him. See Burgess v. Astrue, 537 F.3d 117, 125 (2d Cir. 2008).